IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

BENNY HOLLAND, JR., DAVID F. )
ADAM, and MANAGEMENT-ILA MANAGED )
HEALTH CARE TRUST FUND, )
)
Plaintiffs, )
)
v. ) CASE NO. CV419-022
)
GARY SCOTT, )
)
Defendant. )
_____ )

## O R D E R

Before the Court is the Plaintiffs' Motion for Entry of Default and Default Judgment and Supporting Affidavits. (Doc. 8.) In their motion, Plaintiffs "move for the Clerk of this Court to enter default and move for this Honorable Court to enter a default judgment." (Id. at 1.) Because Plaintiffs' have failed to comply with the basic tenants of Federal Rule of Civil Procedure 55 in their request, Plaintiffs' motion is **DENIED**.

Under Federal Rule of Civil Procedure 55, it is well established that "there is a 'two step procedure for obtaining a default judgment.' " Frazier v. Absolute Collection Serv., Inc., 767 F. Supp. 2d 1354, 1360 (N.D. Ga. 2011) (citing Deforest v. Johnny Chisholm Glob. Events, LLC, No. 3:08-cv-498, 2010 WL 1792094, *7 (N.D. Fla. May 4, 2010)). "First, the clerk must enter a party's default '[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise

defend, and that failure is shown by affidavit or otherwise.' " Id. (quoting Fed. R. Civ. P. 55(a)). After a default is entered, the party must then apply to the court for a default judgment. Fed. R. Civ. P. 55(b). "The law is clear that these two separate steps cannot be combined into one. . . . Rather, the clerk's entry of default must precede an application to the district court for entry of default judgment." Bardfield v. Chisholm Props. Circuit Events, LLC, No. 3:09-cv-232-MCR-EMT, 2010 WL 2278461, *6 (N.D. Fla. May 4, 2010). Because Plaintiffs have plainly failed to comply with Federal Rule of Civil Procedure 55, Plaintiffs' motion (Doc. 8.) is **DENIED**.

SO ORDERED this 5th day of August 2019.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA