IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

BENNY HOLLAND, JR., DAVID F. )
ADAM, and MANAGEMENT-ILA )
MANAGED HEALTH CARE TRUST )
FUND, )
 )
    Plaintiffs, )
 )
v. ) CASE NO. CV419-022
 )
GARY SCOTT, )
 )
    Defendant. )
_____ )

## O R D E R

Before the Court is the Plaintiffs' second Motion for Default Judgment (Doc. 12), to which Defendant has not responded. In this Motion, Plaintiffs request a default judgment against Defendant Gary Scott. (Id.) For the following reasons, Plaintiffs' motion is **DENIED**.

### BACKGROUND

This case arises from welfare benefits that Plaintiffs provided to Defendant Gary Scott and his ex-spouse, Linda Scott. (Doc. 1.) Plaintiff Management-ILA Managed Health Care Trust Fund ("MILA") is a "multiemployer employee welfare benefit plan . . . created and maintained for the purpose of providing welfare benefits to eligible participants and their qualified dependents in accordance with MILA's plan documents and the collective bargaining agreement between United States Maritime

Alliance, Ltd. ("USMX") and the International Longshoremen's Association, AFL-CIO. ("ILA")" (Id. at 1-2.) Plaintiffs David F. Adam and Benny Holland, Jr. are co-chairmen of the MILA Board of Trustees. (Id. at 1.) Plaintiffs acknowledge that Defendant Scott "was a participant in MILA and entitled to receive healthcare benefits from MILA" during the relevant time period. (Id. at 3.) Additionally, Plaintiffs acknowledge that prior to August 22, 2014, Linda Scott was entitled to receive healthcare benefits from Plaintiffs as Defendant Scott's lawful spouse. (Id.)

In their complaint, Plaintiffs allege that Defendant Gary Scott committed fraud and negligent misrepresentation in violation of Georgia law because he allowed Plaintiffs to provide Linda Scott healthcare benefits until "about July 26, 2017" even though Linda Scott was no longer Defendant's lawful spouse. (Id. at 5.) Plaintiffs state that MILA's "controlling plan documents" provide that an ex-spouse "loses the eligibility for benefits upon the date of any final decree in a proceeding to dissolve or terminate the marriage, and coverage ceases upon said final decree." (Id. at 3.) Moreover, Plaintiffs allege that their controlling plan documents "put[] participants on notice that they 'must notify [MILA] upon the receipt of any interlocutory or final decree in a proceeding to dissolve or terminate the marriage.'" (Id.) Plaintiffs did

2

not supply the Court with these controlling plan documents, but only provided an affidavit written by Laverne Thompson, Executive Director of MILA, reciting relevant sections of the controlling plan documents.[1] (Doc. 8, Attach. 2.) Plaintiffs further allege that on August 22, 2014, "a final divorce decree was entered in the Superior Court of the Eastern Judicial Circuit of the State of Georgia terminating the marriage of Defendant Scott and Linda Scott." (Doc. 1 at 4). Plaintiffs claim to have received the divorce decree "on or about July 26, 2017" but did not provide the Court with this divorce decree. (Id.)

Plaintiffs argue that under the controlling plan, Defendant Scott had an "obligation to notify [MILA] of the divorce . . ." and had he notified Plaintiffs of his divorce, Linda Scott's healthcare benefits would have been terminated on the day the divorce was finalized. (Id.) In reliance on Defendant Scott's silence, Plaintiffs provided full healthcare coverage to Linda Scott from August 22, 2014 to July 26, 2017.[2]

---

[1] Laverne Thompson's affidavit was attached to Plaintiffs' first Motion for Default Judgment (Doc. 8, Attach 2), but Plaintiffs did not attach the affidavit to their second Motion for Default Judgment (Doc. 12). However, the Court will consider the affidavit along with Plaintiffs' second Motion for Default Judgment because Plaintiffs make the same arguments in both motions.

[2] Plaintiffs' complaint additionally states that Linda Scott died on May 5, 2017, but Plaintiffs continued to accept claims on her behalf until "on or about July 26, 2017." (Doc. 1 at 5.)

(Id. at 5.) According to Plaintiffs' records, Linda Scott submitted claims in the amount of "$195,173.34, which includes $78,023.82 in medical benefits, $114,714.67 in prescription-drug benefits, $2,254.85 in dental benefits, and $180.00 in vision benefits."[3] (See Doc. 8, Attach. 2.) Thus, Plaintiffs argue that Defendant Scott committed fraud and negligent misrepresentation by failing to notify MILA of his divorce and now Plaintiffs claim damages in the amount of healthcare benefits disbursed on behalf of Linda Scott after the date of the divorce. (Doc. 1 at 5.)

Plaintiffs filed their complaint on January 22, 2019. (Doc. 1.) Defendant Scott was served a copy of the complaint and summons on April 4, 2019 (Doc. 6), but he did not file a response. On June 21, 2019, Plaintiffs filed their first Motion for Default Judgment. (Doc. 8.) On August 5, 2019, this Court denied Plaintiffs' Motion for Default Judgment because of Plaintiffs' failure to first receive a Clerk's Entry of Default in compliance with Federal Rule of Civil Procedure 55. (Doc. 9.) Subsequently, Plaintiffs received a Clerk's Entry of

---

[3] Again, Plaintiffs attached the billing records to their first Motion for Default Judgment (Doc. 8, Attach. 2), but did not attach the records to their second Motion for Default Judgment (Doc. 12). However, the Court will consider the records with Plaintiff's second Motion for Default Judgment (Doc. 12).

4

Default on August 7, 2019. (Doc. 11.) Plaintiffs then filed this second Motion for Default Judgment. (Doc. 12.)

## ANALYSIS

Because this Court has found that Defendant Scott failed to file a responsive pleading and the Plaintiffs have received a Clerk's Entry of Default (Doc. 11), the Court will now consider the merits of Plaintiffs' Motion for Default Judgment (Doc. 12). There is no right to judgment by default, but the matter lies within the Court's discretion. Hamm v. DeKalb Cnty., 774 F.2d 1567, 1576 (11th Cir. 1985). "[B]efore entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007). Moreover, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters . . . ." Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003). However, default judgments are a disfavored disposition of a case in the Eleventh Circuit. In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003); Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993). Courts are especially hesitant to grant default

5

judgments when large sums of money are requested as damages. Swank v. City of Pagedale, 810 F.2d 791, 792 n.2 (8th Cir. 1987); Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245 (3d Cir. 1951). Therefore, to ensure there is sufficient basis for the relief sought, a court may hold a hearing to determine if default judgment is appropriate. See Fed. R. Civ. P. 55(b)(2).

Plaintiffs request that this Court enter a judgment against Defendant Scott in the amount of $195,173.24.[4] (Id.) Plaintiffs assert that Defendant Scott's failure to inform MILA of his divorce from Linda Scott amounted to fraud and negligent misrepresentation because he knew of his obligation to notify MILA of a divorce and his failure to do so caused Plaintiffs to disburse benefits on behalf of Linda Scott although she was no longer Defendant Scott's lawful spouse. (Doc. 12.) These allegations are well-pled, but Plaintiffs did not provide sufficient support in the pleadings to substantiate a default judgment. Plaintiffs did not provide the Court with the divorce decree or MILA's controlling plan documents. Both the divorce decree and the controlling plan documents are necessary to

---

[4] Plaintiffs request attorneys' fees and litigation costs under O.C.G.A. § 13-6-11 in their complaint (Doc. 1 at 8), but do not repeat this request in their Motion for Default Judgment (Doc. 12). Therefore, this Court will not address Plaintiffs' request for attorneys' fees and costs.

support Plaintiffs claims and easily accessible to Plaintiffs. Without these documents, the Court cannot substantiate claims that Defendant Scott should have known to notify Plaintiffs of his divorce or that Defendant Scott's divorce was finalized on August 22, 2014.[5]

Even if Plaintiffs' claims are deemed admitted without providing the controlling plan documents or divorce decree, the Court cannot grant damages in a default judgment without a sufficient basis for the relief sought. Plaintiffs have not provided sufficient support for the relief requested. Plaintiffs seek $195,173.24 in damages. (Doc. 12.) This amount represents the healthcare benefits provided on behalf of Linda Scott after her divorce from Defendant Gary Scott. (Id.) Although Plaintiffs provided billing records evidencing $195,173.24 in benefits (Doc. 8, Attach. 2), the Court cannot know when Linda Scott was ineligible for benefits without the divorce decree or controlling plan documents. The divorce decree and controlling plan documents would prove when the marriage was terminated and when Linda Scott's benefits should have been terminated as a result. Moreover, Plaintiffs'

---

[5] Additionally, if Linda Scott died on May 5, 2017 her death could affect the disbursement of benefits, making default judgment in the amount requested more uncertain. (Doc. 1 at 5.)

7

requested damages are large enough to make the Court hesitant to grant default judgment without a hearing on the matter.

For the foregoing reasons, Plaintiffs' second Motion for Default Judgment (Doc. 12) is **DENIED WITHOUT PREJUDICE**. Plaintiffs may re-file to correct the deficiencies identified herein within **14 days** of the date of this order. Once Plaintiffs have corrected these deficiencies, this Court will schedule a hearing to determine if the pleadings support a default judgment in the requested amount.

SO ORDERED this 24th day of September 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA