IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

BENNY HOLLAND, JR., DAVID F. )
ADAM, and MANAGEMENT-ILA )
MANAGED HEALTH CARE TRUST )
FUND, )
 )
    Plaintiffs, )
 )
v. )  CASE NO. CV419-022
 )
GARY SCOTT, )
 )
    Defendant. )
 )

ORDER

Before the Court is Plaintiffs' Renewed Motion for Default Judgment (Doc. 14), to which Defendant Gary Scott has not responded. In their motion, Plaintiffs request a default judgment against Defendant Scott and provide supporting documentation requested by the Court in its previous order (Doc. 13). (Doc. 14.) For the following reasons, Plaintiffs' motion is **GRANTED IN PART** and **DENIED IN PART**.

BACKGROUND

This case arises from healthcare benefits that Plaintiffs provided to Defendant Scott and his ex-spouse, Linda Scott. (Doc. 1.) Plaintiff Management-ILA Managed Health Care Trust Fund ("MILA") is a "multiemployer employee welfare benefit plan . . . created and maintained for the purpose of providing welfare benefits to eligible participants and their qualified dependents

in accordance with MILA's plan documents and the collective bargaining agreement between United States Maritime Alliance, Ltd. ("USMX") and the International Longshoremen's Association, AFL-CIO. ("ILA")" (Id. at 1-2.) Plaintiffs David F. Adam and Benny Holland, Jr. are co-chairmen of the MILA Board of Trustees. (Id. at 1.) Plaintiffs acknowledge that Defendant Scott "was a participant in MILA and entitled to receive healthcare benefits from MILA" during the relevant time period. (Id. at 3.) Additionally, Plaintiffs acknowledge that prior to August 22, 2014, Linda Scott was entitled to receive healthcare benefits from Plaintiffs as Defendant Scott's lawful spouse. (Id.)

In their complaint, Plaintiffs allege that Defendant Gary Scott committed fraud and negligent misrepresentation in violation of Georgia law because he allowed Plaintiffs to provide Linda Scott healthcare benefits until "about July 26, 2017" even though Linda Scott was no longer Defendant's lawful spouse. (Id. at 5.) Plaintiffs argue that Defendant Scott had an "obligation to notify [MILA] of the divorce . . ." and, had he notified Plaintiffs of his divorce, Linda Scott's healthcare benefits would have been terminated. (Id.) In reliance on Defendant Scott's silence, Plaintiffs provided full healthcare coverage to Linda Scott from

August 22, 2014 to July 26, 2017.[1] (Id. at 5.) Thus, Plaintiffs argue that Defendant Scott committed fraud and negligent misrepresentation by failing to notify Plaintiffs' of his divorce and now Plaintiffs claim damages in the amount of healthcare benefits disbursed on behalf of Linda Scott after the date of the divorce. (Id.)

Plaintiffs filed their complaint on January 22, 2019. (Doc. 1.) Defendant Scott was served a copy of the complaint and summons on April 4, 2019 (Doc. 6), but he did not file a response. On June 21, 2019, Plaintiffs filed their first Motion for Default Judgment. (Doc. 8.) On August 5, 2019, this Court denied Plaintiffs' Motion for Default Judgment because of Plaintiffs' failure to first receive a Clerk's Entry of Default in compliance with Federal Rule of Civil Procedure 55. (Doc. 9.) Plaintiffs received a Clerk's Entry of Default on August 7, 2019. (Doc. 11.) Plaintiffs then filed a second Motion for Default Judgment. (Doc. 12.) This Court denied Plaintiffs' second Motion for Default Judgment because Plaintiffs failed to provide documentation that substantiated their allegations against Defendant Scott. (Doc. 13.) In the order, the Court instructed Plaintiffs to refile their motion with documentation to substantiate their claims. (Id.) Following the

---

[1] Plaintiffs' complaint additionally states that Linda Scott died on May 5, 2017, but Plaintiffs continued to accept claims on her behalf until "on or about July 26, 2017." (Doc. 1 at 5.)

Court's instructions, Plaintiffs filed this Renewed Motion for Default Judgment and supporting documentation, including: (1) the Amended Affidavit of Laverne Thompson; (2) the Final Judgment and Decree of Defendant Scott and Linda Scott's divorce; (3) MILA's Plan Documents; (4) MILA's Summary Plan Description ("SPD") Documents; (5) the Explanation of Benefits ("EOBs") documents that Plaintiffs sent to Defendant Scott in 2017; (6) the Internal Revenue Service ("IRS") 1095-B forms Plaintiffs sent to Defendant Scott in 2015 and 2016 listing Linda Scott as a beneficiary; (7) the death certificate of Linda Scott; and (8) billing records of the benefits distributed by Plaintiffs on behalf of Linda Scott. (Doc. 14, Attach. 1.) Again, Defendant Scott has not responded to Plaintiffs' motion. The Court will now consider whether Plaintiffs have sufficiently shown that they are entitled to default judgment and the requested damages.

## ANALYSIS

I. Default Judgment

As noted by this Court in its previous ruling denying Plaintiffs' earlier request for default judgment, "before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." Tyco Fire & Sec., LLC

4

v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007). In Plaintiffs' complaint, they allege that Defendant Scott committed fraud and negligent misrepresentation. (Doc. 1.) Plaintiffs' factual allegations are deemed admitted due to Defendant Scott's default. See Tyco Fire & Sec., LLC, 218 F. App's at 863. Accordingly, Plaintiffs' supporting documentations should substantiate these allegations. Each claim will be addressed below.

First, to establish fraud under Georgia law, "[a] plaintiff must show five elements . . . : 'a false representation by a defendant, scienter, intention to induce plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff.'" APA Excelsior III, L.P. v. Windley, 329 F. Supp. 2d 1328, 1356 (N.D. Ga. 2004) (quoting Stiefel v. Schick, 260 Ga. 638, 639, 398 S.E.2d 194, 195 (1990)). Furthermore, "[s]uppression of a material fact which a party is under an obligation to communicate constitutes fraud. The obligation to communicate may arise from the . . . particular circumstances of the case." O.C.G.A. § 23-2-53.

After careful review of Plaintiffs' complaint (Doc. 1) and supporting documentation provided with their Renewed Motion for Default Judgment (Doc. 14, Attach. 1), the Court finds that Plaintiffs' have substantiated their claim that Defendant Scott committed fraud. Plaintiffs allege that Defendant Scott "had notice of his duty to inform [Plaintiffs] of his divorce" and

"intentionally misrepresented his marital status to secure future benefits for his ex-wife . . . ." (Doc. 14 at 3.) As a result of his misrepresentations, "Plaintiffs continued to provide benefits to Linda Scott as [Defendant Scott's] spouse until July 26, 2017 to [Plaintiff's] detriment . . . ." (Id.) The MILA plan documents, SPD documents, EOBs documents, and IRS 1095-B forms that Plaintiffs' provided the Court show that Defendant Scott was on notice of his obligation to inform Plaintiffs of his divorce. Moreover, those documents establish Defendant Scott's knowledge that benefits continued to be distributed on behalf of Linda Scott after the divorce. (Doc. 14, Attach. 1.) Therefore, the Court finds that default judgment should be entered against Defendant Scott with respect to this claim.

Second, to prove negligent misrepresentation under Georgia law, a plaintiff must show "(1) the defendant's negligent supply of false information to foreseeable persons, known or unknown; (2) such persons' reasonable reliance upon that false information; and (3) economic injury proximately resulting from such reliance." J.E. Black Constr. Co. v. Ferguson Enters., Inc., 284 Ga. App. 345, 348, 643 S.E.2d 852, 855 (Ga. Ct. App. 2007). Plaintiffs allege that Defendant Scott "had knowledge that Linda Scott continued to be listed as a beneficiary" and his concealment of the divorce from Linda Scott was a supply of false information to Plaintiffs. (Doc. 14 at 12.) The EOBs documents and IRS 1095-B

6

forms that Plaintiffs' sent to Defendant Scott show that he had or should have had knowledge that benefits continued to be distributed on behalf of Linda Scott after the divorce as if she was his legal spouse. (Doc. 14, Attach. 1.) Plaintiffs allege that Defendant Scott's failure to inform Plaintiffs that Linda Scott was no longer his legal spouse amounts to a negligent supply of false information to Plaintiffs, which they relied on to their detriment. (Doc. 14 at 11.) Therefore, the Court finds that default judgment should be entered against Defendant Scott with respect to this claim.

II. Damages

Due to Defendant Scott's fraud and negligent misrepresentations, Plaintiffs request $172,891.35 in damages. (Doc. 14 at 12.) "This amount represents the healthcare benefits provided [by Plaintiffs] on behalf of Linda Scott after her divorce from Defendant [] Scott." (Id. at 12-13.) Specifically, Plaintiffs claim that this amount is the sum of $55,319.17 in medical benefits, $2,254.85 in dental benefits, $180.00 in vision benefits, and $114,714.67 in prescription-drug benefits distributed on behalf of Linda Scott. (Doc. 14, Attach. 1 at 8.)

When determining a damages award after a default judgment, the Court "has an obligation to assure that there is a legitimate basis for any damage award it enters . . . ." Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003). Here, the Court finds several deficiencies with the relief requested by

7

Plaintiffs. First, Plaintiffs request $172,891.35 in damages, but the Court cannot determine how this amount was calculated. The sum of the benefits distributed on behalf of Linda Scott only totals $172,468.69—$422.66 less than Plaintiffs' requested damages. (Doc. 14, Attach. 1 at 96-111.) Second, Plaintiffs' note that the Final Judgment and Decree of divorce required Defendant Scott "to provide insurance for Linda Scott's health care coverage by paying [Consolidated Omnibus Budget Reconciliation Act ("COBRA")] premiums." (Doc. 14 at 5.) However, Plaintiffs' do not address how the provision of COBRA benefits would have affected the cost of benefits distributed on behalf of Linda Scott. (Id.) Defendant Scott's payment of COBRA premiums could reduce the damages requested by Plaintiffs.[2] Lastly, Plaintiffs did not disclose whether Defendant Scott paid an increased rate for insurance coverage because he included Linda Scott as a dependent. If Defendant Scott paid an increased rate due to coverage of a spouse, Plaintiffs damages could be reduced. See PHL Variable Ins. Co. v. Faye Keith Jolly Irrevocable Life Ins. Trust ex rel. Shapiro, 460 F. App'x 899, 902 (11th Cir. 2012). Therefore, Plaintiffs' request for $172,891.35 in damages is **DENIED**.

---

[2] Based on Plaintiffs' MILA plan documents, if Defendant Scott elected to continue coverage for Linda Scott under COBRA, she would have been a qualifying beneficiary for thirty-six (36) months after the divorce.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Renewed Motion for Default Judgment (Doc. 14) is **GRANTED** in so far as default judgment is entered against Defendant Scott for the claims of fraud and negligent misrepresentation. However, Plaintiffs' request for damages in the amount of $172,891.35 is **DENIED**. Plaintiffs are **DIRECTED** to file a brief within **fifteen (15) days** of this order further justifying appropriate damages. In their brief, Plaintiffs should include: (1) detailed calculations of the total benefits distributed on behalf of Linda Scott; (2) an explanation of COBRA's effect on the benefits distributed on behalf of Linda Scott; and (3) an explanation of the payments made by Defendant Scott for healthcare coverage and whether those payments were increased as a result of Linda Scott's status as a dependent. This Court will schedule a hearing to determine the amount of damages to be awarded after reviewing Plaintiffs' brief.

SO ORDERED this 14th day of November 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA